O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:15-CV-06123 (VEB)

EUGENE JACKSON,

    Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In March of 2012, Plaintiff Eugene Jackson applied for Disability Insurance Benefits and Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by Jerry Persky, Esq., commenced this action seeking judicial

1

review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10, 11, 20, 23). On September 7, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 26).

## II. BACKGROUND

Plaintiff applied for benefits on March 6, 2012, alleging disability beginning January 4, 2008, due to various physical impairments. (T at 25).[1] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On November 22, 2013, a hearing was held before ALJ David G. Marcus. (T at 41). Plaintiff appeared with his attorney and testified. (T at 47-59, 60-61). The ALJ also received testimony from Mr. Lieth, a vocational expert (T at 59-60, 61-65).

On January 30, 2014, the ALJ issued a written decision denying the applications for benefits. (T at 22-34). The ALJ's decision became the Commissioner's final decision on June 21, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 15.

On August 12, 2015, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on December 22, 2015. (Docket No. 14). The parties filed a Joint Stipulation on April 12, 2016. (Docket No. 21).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be affirmed and this case must be dismissed.

### III. DISCUSSION

A.   **Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the

claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is

supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

C.   **Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 4, 2008 (the alleged onset date) and met the insured status requirements of the Social Security Act through March 30, 2010. (T at 27). The ALJ found that Plaintiff's diabetes, arthritic changes of the bilateral shoulders, spondylosis of the cervical spine, and spondylosis and disc degeneration of the lumbar spine were "severe" impairments under the Act. (Tr. 27).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 28).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of medium work as defined in 20 CFR § 416.967(c). (T at 28).

The ALJ found that Plaintiff could perform his past relevant work as a store laborer and grinder. (T at 30). As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from January 4, 2008 (the alleged onset date) through January 30, 2014 (the date of the ALJ's decision). (T at 31). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

**D.    Disputed Issues**

As set forth in the parties' Joint Stipulation (Docket No. 21), Plaintiff offers three (3) main arguments in support of his claim that the Commissioner's decision should be reversed. First, he contends that the ALJ's Listings analysis was flawed. Second, Plaintiff argues that the ALJ did not properly assess the medical opinion evidence, particularly with respect to his postural, manipulative, and environmental limitations. Third, Plaintiff challenges the ALJ's past relevant work analysis. This Court will address each argument in turn.

# IV. ANALYSIS

**A.     Listings Analysis**

At step three of the sequential evaluation, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed in Appendix 1 of the Regulations (the "Listings"). *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). If a claimant meets or equals a listed impairment, he or she is "conclusively presumed to be disabled and entitled to benefits." *Bowen v. City of New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986); *see also Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *see also* 20 C.F.R. §§ 404.1525(a); 416.925(a).

An impairment meets a Listing if the impairment matches all of the medical criteria specified in the Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). An impairment or combination of impairments that satisfies, but not all of the criteria, does not qualify. *Sullivan*, 493 U.S. at 530; *Tackett*, 180 F.3d at 1099.

The claimant bears the burden of proving that she has an impairment or combination of impairments that meets or equals the criteria of a listed impairment. To satisfy this burden, the claimant must offer medical findings equal in severity to

1  all requirements, which findings must be supported by medically acceptable clinical

2  and laboratory diagnostic techniques. 20 C.F.R. § 416.926(b).

3     If a claimant's impairment does not satisfy the Listings criteria, he or she may

4  still be disabled if the impairment "equals" a listed impairment. 20 C.F.R. §

5  404.1520(d). Equivalence will be found if the medical findings are (at a minimum)

6  equal in severity and duration to the Listed impairment. *Marcia v. Sullivan*, 900 F.2d

7  172, 175 (9th Cir. 1990). To determine medical equivalence, the Commissioner

8  compares the findings concerning the alleged impairment with the medical criteria of

9  the listed impairment. 20 C.F.R. §§ 416.924(e), 416.926.

10    If a claimant has multiple impairments, the ALJ must determine "whether the

11 combination of [the] impairments is medically equal to any listed impairment." 20

12 C.F.R. § 404.1526(a). The claimant's symptoms "must be considered in combination

13 and must not be fragmentized in evaluating their effects." *Lester v. Chater*, 81 F.3d

14 821, 829 (9th Cir. 1996). "A finding of equivalence must be based on medical

15 evidence only." *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001)(citing 20

16 C.F.R. § 1529(d)(3)).

17    Here, the ALJ concluded that Plaintiff did not have an impairment or

18 combination of impairments that met or medically equaled one of the impairments

19 set forth in the Listings. (T at 28). Plaintiff argues, in conclusory fashion, that this

20

10

DECISION AND ORDER – JACKSON v COLVIN 2:15-CV-06123-VEB

was error because the ALJ did not make specific reference to Listing § 1.04 (Spine Disorders). However, although the ALJ did not specifically reference this Listing, he carefully considered and extensively discussed Plaintiff's spinal issues. (T at 27-30). There is no indication that Plaintiff ever alleged or argued that his impairments met or medically equaled Listing §1.04 prior to the conclusory assertion set forth in the Joint Stipulation. This, in itself, is arguably grounds for rejecting Plaintiff's argument. *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005)("An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence.").

Moreover, Plaintiff has not established that his impairments met or medically equal the Listing in any event. The only evidence cited by Plaintiff in support of this argument is the assessment of Dr. Maria Legarda, a non-examining State Agency review consultant, who referenced Listing § 1.04, but concluded that Plaintiff's impairments did *not* meet or medically equal that Listing. (T at 323-25).

In any event, the pertinent part of the Listing, § 1.04(A), requires a spine disorder with "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or

reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)."

Here, as the ALJ noted, Plaintiff's imaging scans revealed no evidence of significant stenosis or nerve root compromise and Plaintiff had normal range of motion, no signs of atrophy, and was negative for straight leg raising tests. (T at 29, 235, 251, 292, 311, 313). Thus, this Court finds no error with regard to the ALJ's Listings analysis.

**B.    Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based

substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct." *Id*.

In this case, the ALJ's RFC determination did not include any postural, manipulative, or environmental limitations. (T at 28). Plaintiff challenges this aspect of the ALJ's decision, citing the following medical evidence: A treatment note from August of 2009 indicated that Plaintiff should not engage in bending or heavy lifting. (T at 299). In April 2010, a treatment note described Plaintiff as being at risk of falling. (T at 290). In September of 2011, he was given a cane to assist with ambulation. (T at 246, 259). Treating physicians at St. John's Well Child & Family Center reported in May of 2012, August of 2013, and November of 2013, that Plaintiff was temporarily unemployable and unable to lift more than 10 pounds. (T at 341, 364, 392).

The ALJ considered this evidence and concluded that Plaintiff retained the RFC to perform medium work without any postural, manipulative, or environmental limitations. (T at 28). This Court finds the ALJ's decision supported by substantial evidence.

First, the ALJ reasonably characterized Plaintiff's treatment history as conservative – only one treatment visit in 2009 and periodic urgent care/emergency department visits thereafter for generally routine care and medication refills, with no evidence of specialized treatment or sustained care with a primary physician. (T at 28). An impairment for which a claimant receives only conservative treatment is a appropriate reason to reject an opinion the impairment is disabling. *See Johnson v. Shalala*, 60 F.3d 1428,1434 (9th Cir. 1995)(fact that claimant received only conservative treatment for back injury was clear and convincing reason for disregarding testimony that the claimant was disabled).

Second, the treatment notes (which indicated no bending or heavy lifting, provided Plaintiff with a cane, and reported temporary disability) were conclusory and lacked any objective findings or explanatory details, other than documenting Plaintiff's subjective complaints of back pain. The ALJ is not obliged to accept a treating source opinion that is "brief, conclusory and inadequately supported by

clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

Third, Dr. Soheila Benrazavi performed a consultative examination in August of 2012. Dr. Benrazavi noted evidence of mild peripheral neuropathy secondary to diabetes with diminution in sensation in the hands and feet bilaterally, normal gait, mild diminution in range of motion of the lumbar spine with no evidence of lumbar radiculopathy, symmetric reflexes with full power, and mildly diminished range of motion in the cervical spine, without any evidence of lumbar radiculopathy. (T at 313).

Dr. Benrazavi opined that Plaintiff could lift/carry 50 pounds occasionally and 25 pounds frequently, stand/walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. (T at 313). Dr. Benrazavi assessed no postural, manipulative, visual, communicative or workplace environmental limitations. (T at 314). In September 2012, Dr. Maria Legarda, a non-examining State Agency review physician, made findings essentially the same as Dr. Benrazavi's. (T at 324-25).

"The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see also see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical

and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of the treating assessments which indicated greater limitation. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

Here, the ALJ's decision was supported by substantial evidence and must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

DECISION AND ORDER – JACKSON v COLVIN 2:15-CV-06123-VEB

### C. Past Relevant Work

"Past relevant work" is work that was "done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity." 20 C.F.R. §§ 404.1565(a), 416.965(a). At step four of the sequential evaluation, the ALJ makes a determination regarding the claimant's residual functional capacity and determines whether the claimant can perform his or her past relevant work.

Although claimant bears the burden of proof at this stage of the evaluation, the ALJ must make factual findings to support his or her conclusion. *See* SSR 82-62. In particular, the ALJ must compare the claimant's RFC with the physical and mental demands of the past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv).

In sum, the ALJ must determine whether the claimant's RFC would permit a return to his or her past job or occupation. The ALJ's findings with respect to RFC and the demands of the past relevant work must be based on evidence in the record. *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).

Here, the ALJ concluded that Plaintiff was capable of performing his past relevant work as a store laborer and grinder. (T at 30). Plaintiff challenges this finding, noting that his employment as a grinder (also called a "deburrer") only lasted a month and did not constitute substantial gainful activity ("SGA"). (T at 47).

Work that does not rise to the level of SGA is not considered past *relevant* work. 24 CFR 404.1565 (a).  Plaintiff also argues that the record was not sufficiently developed regarding the store laborer work to determine whether that work constituted SGA.  In sum, although Plaintiff had periods of SGA indicated on his earnings record, it is not exactly clear what job(s) he performed during those periods.

However, this Court need not resolve this issue because any error with respect to the ALJ's step four analysis was harmless.  Even if Plaintiff cannot perform any past relevant work (or has no such work), a person with his age, education, and RFC is administratively deemed "Not disabled" under the Medical-Vocational Guidelines ("Grids"), Rule 203.21.

An ALJ's error may be deemed harmless if, in light of the other reasons supporting the overall finding, it can be concluded that the error did not "affect[ ] the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004); *see also Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054-55 (9th Cir. 2006) (describing the harmless error test as whether "the ALJ's error did not materially impact his decision"); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir.2006) (holding that an error is harmless if it was "inconsequential to the ultimate nondisability determination").

In this case, even if there was some arguable ambiguity regarding the ALJ's step four analysis, a finding of non-disabled would have been made based upon the same evidence at step five and, thus, any error at step four was inconsequential to the ultimate disability determination.

## V.   CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and substantial evidence supports the Commissioner's decision.

# VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 11th day of October, 2016,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE